IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Angel Gabriel Jimenez-Jimenez, Plaintiff, v. Latonya T. Simmons, Defendant. | ) | C/A No. 6:26-2598-BHH-PJG **ORDER AND REPORT AND RECOMMENDATION** |

The plaintiff, Angel Gabriel Jimenez-Jimenez, a self-represented pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[1]

## I. Procedural Background

Plaintiff is a pretrial detainee at the Greenville County Detention Center awaiting trial for murder and related charges. See Case Nos. 2025A2330211495, 2025A2330211496, 2025A2330211497, Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last visited Aug. 3, 2026).[2]

[1] Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 3.)

[2] The court may take judicial notice of Plaintiff's state court records. Fusaro v. Cogan, 930 F.3d 241 n.1 (4th Cir. 2019); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989).

Plaintiff brings this action against the magistrate who signed his arrest warrants. Plaintiff indicates that he was arrested in November 2025 and attended a bond hearing shortly thereafter, at which he was shown the warrants. He states that he has been in the detention center since then, has not been back to court, and has not been provided with discovery. Plaintiff states that he did not see an attorney until March 2026. Plaintiff alleges that his procedural due process rights have been violated because the magistrate who signed the arrest warrant, the officer who swore out the supporting affidavit, and the judge who handled Plaintiff's bond hearing are all within the same or connected buildings. Plaintiff further claims that he was arrested illegally without warrants.[3] As relief, Plaintiff seeks a declaration "stating that the totality of case law, statutes, [and] Constitutions prove the acts by Simmons are Unconstitutional."[4] (ECF No. 1 at 6.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

[3] However, Plaintiff attaches copies of the signed arrest warrants to his Complaint. (ECF No. 1-1 at 4-9.)

[4] Plaintiff also requests that a "notice of removal be given pursuant to 28 U.S.C. § 1443 where my rights will inevitably be denied if the case isn't removed." (ECF No. 1 at 6.) Criminal defendants may remove state criminal prosecutions to federal court only in rare circumstances. See 28 U.S.C. § 1442 (criminal prosecutions against federal agencies and officers), § 1442(a) (criminal prosecution against members of the armed services), & § 1443 (denial of racial equality in state criminal prosecutions). While Plaintiff cites § 1443, his Complaint contains no allegations that he has been denied racial equality. Nor has Plaintiff complied with the procedural requirements of 28 U.S.C. § 1455.

proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009).

In connection with this initial review, § 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Also, as part of its initial review of a *pro se* prisoner complaint, the court must identify *cognizable* claims. 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). In construing a *pro se* pleading, the court should examine the context of the allegations to identify whether the thrust of the complaint points to an "essential grievance." Jackson v. Dameron, 171 F.4th 641, 650 (4th Cir. 2026). And "when a pro se action implicates a civil rights interest, courts must pay careful attention." Id. at 649 (citing Shaw v. Foreman, 59 F.4th 121, 127 (4th Cir. 2023)). "That means interpreting pro se pleadings 'to raise the strongest arguments that they suggest.' " Id. (quoting Martin v. Duffy, 977 F.3d 294, 298 (4th Cir. 2020)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). While the court is charged with liberally construing *pro se* pleadings, it should not act as a legal advocate for *pro se* litigants. Jackson, 171 F.4th at 650. Nor must it conjure up every claim imaginable from the plaintiff's factual allegations or scour pleadings for stray phrases or sentence fragments for additional claims beyond those fairly indicated by the plaintiff's essential grievance. See id. at 645, 650.

**B. Analysis**

The sole defendant named in this action is immune from suit. It is well-settled that judges have immunity from claims arising out of their judicial actions. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (providing that judges are entitled to absolute immunity from suit, not just the ultimate assessment of damages, for judicial actions taken within their jurisdiction); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Here, Defendant Simmons is sued for an action taken in her judicial capacity—signing arrest warrants. Because judicial immunity is a protection from suit, not just

from ultimate assessment of damages, Mireless, 502 U.S. at 11, and the sole defendant in this action is entitled to judicial immunity, the Complaint is subject to summary dismissal.[5]

## III. Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

August 4, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

[5] This case is one of many similar actions filed by detainees at the Greenville County Detention Center alleging that the magistrates who issued warrants are not neutral and detached because they share an address with law enforcement. See McCall v. Bodiford, 2025 WL 3841382, at *4 n.3 (D.S.C. Dec. 15, 2025) (listing cases), R&R adopted by 2026 WL 27378 (D.S.C. Jan. 5. 2026). Those cases have mostly been summarily dismissed for the same reason discussed in this Report and Recommendation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).